IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. DISMISSED RELATOR, and THE STATE OF ILLINOIS, ex rel. DISMISSED RELATOR,<br><br>    Plaintiffs,<br><br>    v.<br><br>TROY K. WILDER, also known as TROY WILDER d/b/a WILDERS TRANSPORTATION,<br><br>    Defendant. | No. 11-cv-3286 |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Troy K. Wilder, a/k/a Troy Wilder, d/b/a Wilders Transportation's (Wilder), <u>Motion to Transfer Venue Pursuant to 28 U.S.C. 1404(a) (d/e 9) (Motion)</u>. Wilder asks the Court to transfer the venue of this case for the convenience of the parties to the United States District Court for the Northern District of Illinois, Eastern Division. For the reasons set forth below, the Court determines in the exercise of its discretion that a transfer of venue is not appropriate in this case. The Motion is therefore DENIED.

BACKGROUND

The Plaintiffs United States and the State of Illinois allege that Defendant Wilder defrauded the Illinois Medicaid system by submitting false claims for medical transportation services for indigent persons covered by Medicaid. The Plaintiffs bring claims under the Federal False Claims Act, 31 U.S.C. § 3729(a); the Illinois False Claims Act, 740 ILCS 175/1; and common law theories of unjust enrichment and payment under mistake of fact. Amended Complaint (d/e 2), Counts I, II, III, and IV.

Wilder states in the Motion that he lives and operates his business in the Northern District of Illinois, in the Chicago, Illinois, area. Wilder states that witnesses that he would call at trial all live in the Northern District. In particular, Wilder states that he and his wife Lenora Wilder would testify at trial. Wilder further states that he and his wife care for their son who suffers from schizophrenia. Wilder states that a trial in this District would impose a significant burden on them because their son requires daily supervision by at least one of them. Motion, at 3-6.

The Plaintiff United States responds that its witnesses who would testify regarding the processing and payment of claims live in this District because the Illinois Medicaid program is operated in Springfield, Illinois. United States' Response to Defendant's Motion for Change of Venue (d/e 11), at 3-4.

## PRINCIPLES OF LAW

Section 1404(a) authorizes the Court to transfer venue for the convenience of the parties and witnesses, as well as the interests of justice, to another District where venue is proper. Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir. 1989). In determining the convenience of each proposed forum, the Court should consider: (1) the plaintiff's choice of forum; (2) the location of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties. Bryant v. ITT Corp., 48 F. Supp.2d 829, 832 (N. D. Ill. 1999). Substantial deference must be given to a plaintiff's chosen forum. Heller Financial, 883 F.2d at 1293. In considering the interests of justice, the Court must consider whether the Northern District can handle the case more efficiently. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986). Wilder has the burden to prove that the Northern District is clearly more convenient. Id.

## ANALYSIS

Wilder fails to meet his burden to prove that the Northern District is clearly more convenient. He states that the Northern District is more convenient for himself and his witnesses, but makes no showing that the Northern District is more convenient for the Plaintiffs or their witnesses.

Shifting inconvenience from one party to another is not sufficient basis to warrant transfer.  <u>Countryman on Behalf of Upstate New York Pension and Retirement Fund v. Stein, Roe & Farnham</u>, 681 F.Supp. 479 (N.D. Ill. 1987).  Similarly, Wilder argues that the events occurred in the Northern District because he operated his business in the Northern District.  The material events, however, also included the processing of allegedly false claims.  Those events occurred in Springfield, Illinois, in this District.  Thus, these considerations fail to show that the Northern District is clearly more convenient.

Wilder finally argues that the burden on his family should tip the balance in favor of the Northern District.  He and his wife, Lenora Wilder, will both be witnesses, but one of them must be at home every day to care for their mentally ill son.  This family obligation is significant, but the effect on that obligation by maintaining venue in this District is not that great.  This is a civil matter, and Wilder is represented by counsel.  Neither Wilder nor his wife must come to the Central District unless and until the matter goes to trial.  His counsel can appear on Wilder's behalf at all matters before trial.  Furthermore, Lenora Wilder is not a party.  Wilder states that she will be a witness, but she will not need to come to the District because she can testify by deposition. See <u>General Portland Cement Co. v. Perry</u>, 204 F.2d 316, 319-20 (7th Cir. 1953) (defense motion to transfer venue

denied, in part, because defendant failed "to show why depositions of these witnesses could not be used successfully."). She can thereby stay with their son during any trial. Given the availability of testimony by deposition, Wilder fails to show that the Northern District is clearly more convenient.

The interests of justice also weighs in favor of keeping the case in this District. This is one of twelve related false claims cases pending in this District. These cases were originally brought in a single qui tam action. United States ex rel. Relator v. Wilder et al., Case No. 06-3265. The relator was dismissed from that action, and the Plaintiffs severed the twelve matters into separate cases. Case No. 06-3265, Opinion entered April 15, 2011 (d/e 56); and Minute Entry entered July 27, 2011 (d/e 63). The cases, however, are related and judicial economy will be promoted by keeping all of them in one District.

WHEREFORE Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. 1404(a) (d/e 9) is DENIED.

ENTER:   June 28, 2012

       s/ Byron G. Cudmore
    BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE